# ALAN BAUM

Attorney at Law
6246 Shoup Avenue
Woodland Hills, California 91367

Tel: (818) 590-5542   Fax: (818) 598-8701
Email: sfvab@aol.com

February 10, 2008

The Honorable Jeremy Fogel
United States District Judge
280 South First Street
San Jose, CA 95113

RE: <u>United States v. Wiltsee</u>
    No. 07-00613 JF

Dear Judge Fogel,

    This letter is being written in response to the government's letter to Your Honor dated February 8, 2008 in which the government announces it's intention to move for the defendant's remand after his guilty plea on February 13, 2008. Contrary to the government's contention that there are no "exceptional reasons why {Wiltsee's} detention would not be appropriate" for the purposes of 18 U.S.C. §3145©, the defendant believes that there are such exceptional reasons in this case.

    First and foremost is the fact that the government's present position in Mr. Wiltsee's case is a complete contradiction to the position the government recently took in a case that is absolutely identical to Mr. Wiltsee's. In case no. CR-00614 -JW, a case indicted immediately before Mr. Wiltsee's case, Mark Charles Zelinsky was indicted for a violation of U.S.C. § 2252(a)(4)(B), Possession of Child Pornography. Like Mr. Wiltsee, Mr. Zelinsky was a longtime employee of HUD. Both were cited into court and made their initial appearance before Magistrate Judge Richard Seeborg on October 2, 2007. Both were released on PR bonds in the amount of $75,000. Both have been in complete compliance with all conditions of their release. Both have no prior criminal record.

    On December 17, 2007, Mr. Zelinsky entered a guilty plea, pursuant to a written plea agreement which counsel believes to be identical to the one before the Court in Mr. Wiltsee's case, a plea to 18 U.S.C. § 2252(a)(4)(B), Possession of Child Pornography. Mr. Zelinsky remains out on bond, there having been no government motion nor even a mention whatsoever before Judge

Ware of a remand.

On February 4, 2008, during final plea discussions with AUSA Joseph Fazioli, who also represents the government in the Zelinsky case, I was told that the government would be asking the Court to remand Mr. Wiltsee. When I pointed out to Mr. Fazioli that the government had made no such request in the Zelinsky case, he told me that his office's policy had changed since the plea in Zelinsky.

Additionally, Mr. Wiltsee is currently undergoing a psycho-sexual evaluation being conducted by Tom Reidy, Ph.D., who will be preparing a report for the Court's consideration prior to sentencing. I have spoken with Dr. Reidy who indicates that he will need to see Mr. Wiltsee at least two more times in order to complete his evaluation. A remand will seriously impede the completion of the testing.

For all the above reasons, and in the interest of equal justice, the defendant will be asking the Court to deny the governments's motion for remand after the guilty plea in this case.

Very truly yours,

  /s/   Alan Baum  
ALAN BAUM  
Attorney at Law