GF & H Svcs., Ltd
J. Michael Henderson
3041 N. Boldt Dr.
Flagstaff, AZ 86001

July 16, 2008

The Honorable Jeremy Fogel
United States District Judge
Northern District of California
2112 U.S. Courthouse
280 S. First St.
San Jose, CA 95113

Re:    United States of America v. Christopher Burt Wiltsee
       No. CR 07-00613-001 JF

Dear Judge Fogel:

I am writing this letter at the request of Alan Ellis, legal counsel for Christopher Wiltsee, who will shortly be seeking an amended Judgment concerning the Court's recommendations for program participation and place of confinement for Mr. Wiltsee.

I am retired from the Federal Bureau of Prisons, with over 23 years of experience. At the time of my retirement I was the Designator for the Western Region of the Bureau of Prisons, in which capacity I had oversight authority for the initial classification and designation of all Federal offenders in the western United States sentenced to prison terms. Since my retirement, I have maintained regular communication with the Bureau.

I have reviewed Christopher Wiltsee's case, including the Judgment Order. The Court recommends to the Bureau of Prisons that Christopher Wiltsee be housed in California, that he participate in the Bureau's Sex Offender Treatment Program, and that he participate in the Bureau's Residential Drug Abuse Program. In my experience, the Bureau attempts to follow Judicial recommendations whenever possible, but they will not be able to meet all these recommendations in the initial designation of Mr. Wiltsee.

To my knowledge there is no Bureau facility in California that currently provides a Sex Offender Treatment Program. The only federal facility that currently has the residential Sex Offender Program is the Federal Medical Center at Devens, Massachusetts, far from Mr. Wiltsee's home and family. However, the Devens facility does not provide the Residential Drug Abuse Program.

Accordingly, should the Bureau of Prisons designate Mr. Wiltsee to FMC Devens based on the Court's recommendation for the Sex Offender Treatment Program, such a designation would meet only one of the three Judicial recommendations made in his case. Also, Mr. Wiltsee would

EXHIBIT A

not be able to start the Sex Offender Treatment Program until he is much closer to release from prison.

Although there are no Federal facilities in California that provide a Sex Offender Treatment Program, the Bureau of Prisons is currently developing policy to establish some form of Sex Offender Treatment in each region. There are two facilities in California which provide the Residential Drug Treatment Program and which should be commensurate with Mr. Wiltsee's security level, which I have estimated to be Low security. Those facilities are the Federal Correctional Institutions at Lompoc and Terminal Island. Based on my experience the Terminal Island facility may be better for sex offenders, such as Mr. Wiltsee, because it has a somewhat older and more stable inmate population, many of whom are at Terminal Island for managed medical care, and thus an inmate population that is less aggressive and a bit more mature. In an institution housing less stable or mature inmates, an offender such as Mr. Wiltsee can often be pressured and ridiculed, sometimes even seriously threatened with physical harm due to the nature of offense. At such a point such an offender can be confined for long periods of time in highly restrictive detention housing, and then be subjected to a transfer or series of transfers in hopes of successfully placing him in an open inmate where he may not come to harm, often far from the offender's home. A more stable and less threatening inmate population, such as that at FCI Terminal Island can be a very important element in helping to ensure that sex offenders can be safely housed in an open inmate population.

Based on these factors, designation to FCI Terminal Island would meet two of the Judicial recommendations made in Mr. Wiltsee's case, while trying to ensure his safety as well. It is also likely that the Bureau of Prisons will have a Sex Offender Treatment policy in place in the western region, of which Mr. Wiltsee can avail himself before his release. Should the Bureau fail to put a Sex Offender Treatment Program in place in the western region, his sentence is long enough that he could still apply for the program offered at FMC Devens, for which he would not be eligible until he is much closer to release, and then he could be transferred to the Devens program for only the latter portion of his sentence just preceding his release from confinement. Accordingly, to ensure that the interests of the Court are met without causing any difficulty to the Bureau of Prisons in designating Mr. Wiltsee, I would recommend if possible the following amended language for the Court's recommendations:

> The Court strongly recommends that Defendant be housed at the Federal Correctional Institution at Terminal Island, California for the following reasons: (1) The Court has been informed that FCI Terminal Island is a relatively safe facility for Defendant to be incarcerated in because the population at that facility may be generally less aggressive than inmates at other facilities to which Defendant might designated; (2) participation in the Residential Drug Abuse Program; (3) Defendant's family reside in California, which will permit easier visitation for them. Further, the Court recommends participation in a Sex Offender Program when subject becomes eligible.

Respectfully submitted,

*[signature]*

J. Michael Henderson,
Consultant to the Law Offices of Alan Ellis